IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO SUPREME POTATOES, INC., ) <br> an Idaho corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPLIED FINANCIAL, LLC, a Utah limited ) <br> liability company, f/k/a APPLIED FINANCIAL, ) <br> INC., a Utah corporation, f/k/a MATRIX ) <br> FUNDING CORPORATION, a Utah corporation; ) <br> and KINGS DOMINION INVESTMENTS, LLC, ) <br> a Utah limited liability company, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. CV 06-242-E-LMB <br><br> ORDER |

Currently pending before the Court is Defendant Applied Financial's[1] Motion to Dismiss Under Rule 12(b)(3) and Motion to Transfer Under 28 U.S.C. § 1404(a). Applied has filed a request to withdraw that portion of the Motion requesting dismissal and go forward only with the request for transfer. *Defendant's Withdrawal of Motion to Dismiss Under Rule 12(B)(3)* (Docket No. 17). The Court grants Applied's requested withdrawal and will consider in this Order only the requested transfer.

---

[1] Although two Defendants are listed in the caption—Applied Financial, LLC, and Kings Dominion Investments, LLC—only Applied Financial has responded to the Complaint. For ease of reference, the Court will refer to Applied Financial as "Applied" throughout this Order.

ORDER - 1

In the interest of avoiding delay, and because the Court conclusively finds that the decisional process on the pending motion would not be significantly aided by oral argument, the Court will address and resolve the Motion to Transfer without a hearing. Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

## I.

## BACKGROUND

Applied contacted Plaintiff in the summer of 2002 regarding Plaintiff's equipment leasing needs. *Craig Affidavit*, ¶ 4 (Docket No. 7). At that time, Plaintiff expressed an interest in financing potato sorter equipment (the "equipment") for use at its facility in Bingham County. *Id.; Notice of Removal*, Ex. 1 (Complaint), at ¶ 4 (Docket No. 1, Att. 2). Negotiations for a lease took place from August through October of 2002, with a representative from Plaintiff making a trip to Utah to discuss the matter. *Craig Affidavit*, at ¶¶ 4-14 (Docket No. 7). A lease (the "Lease") was executed during this time period.

Plaintiff stopped making payments under the Lease after February 13, 2006, and Applied claims that Plaintiff owes more under the Lease. *Craig Affidavit*, at ¶¶ 20 (Docket No. 7). Plaintiff makes several claims, including that it had the right to purchase the equipment under the Lease, and requests a judgment declaring the rights and obligations of the parties under the Lease. *Notice of Removal*, Ex. 1 (Complaint), at pp. 4–5 (Docket No. 1, Att. 2).

## II.

## DISCUSSION

A.   **Standards of Law**

Applied requests that the Court transfer this case to the U.S. District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a).  *Memorandum in Support of Motion to Transfer*, p. 10 (Docket No. 6).  Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation and internal quotation marks omitted).

In determining whether to transfer a case pursuant to § 1404(a), the Court must weigh the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99 (9th Cir. 2000).  The Court also should consider the public policy of the forum state and the existence of a forum selection clause, *id.* at 499 n.21, but "the defendant must make a strong showing of inconvenience to warrant upsetting

ORDER - 3

the plaintiff's choice of forum," *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The Court will now examine each of the *Jones* factors in weighing whether Applied has met this burden.

### B. Factor One - Location of the Lease Negotiation and Execution

Applied initially argues that this first factor weighs in its favor because the Lease "was executed *in part* in Utah" and the "negotiations and discussions in setting up the lease agreement occurred in Utah." *Memorandum in Support of Motion to Transfer*, p. 11 (Docket No. 6) (emphasis added). However, as Applied later acknowledges, *id.* at p. 13, this factor does not weigh in favor of either party.

Plaintiff is an Idaho corporation with its principal place of business in Bingham County, Idaho. *Notice of Removal*, Ex. 1 (Complaint), at ¶ 1 (Docket No. 1, Att. 2). Applied is a Utah limited liability company with its principal place of business in Salt Lake County, Utah. *Id.* at ¶ 2. Plaintiff executed the Lease in Idaho and then forwarded it to Utah for Applied's signature. *Chapman Affidavit*, ¶ 5 (Docket No. 13). It appears from affidavits submitted by both parties that it was Applied who contacted Plaintiff in Idaho and offered to provide financing to lease equipment. *Craig Affidavit*, ¶ 4 (Docket No. 7); *Chapman Affidavit*, ¶ 3 (Docket No. 13). Plaintiff's employees negotiated the Lease from Idaho by telephone, facsimile, and letter correspondence. *Chapman Affidavit*, ¶ 4 (Docket No. 13). Applied's employees negotiated with Plaintiff from Utah. *See Craig Affidavit*, ¶¶ 5–8, (Docket No. 7). Although one of Plaintiff's employees met with employees of Applied in Midvale, Utah in September of 2002, *Craig Affidavit*, ¶¶ 9–10 (Docket No. 7), this one trip does not tip the balance in Applied's favor.

In summary, because the parties executed the Lease in both Idaho and Utah and engaged in the majority of negotiations from their respective home states, *see Chapman Affidavit*, ¶ 5 (Docket No. 13), this first factor does not weigh in either party's favor.

### C. Factor Two - Familiarity With Governing Law

The Lease agreement is to be "governed by and construed in accordance with the laws of the state of Utah." *Notice of Removal*, Ex. 1 (Complaint), at Att. 1, p. 10 (Docket No. 1, Att. 2). Although Utah courts may be more familiar with Utah law, federal courts are routinely tasked with applying the law of a state other than the forum's laws. Accordingly, while this factor weighs in favor of a transfer to Utah, it does not weigh heavily in that direction. *See, e.g.*, *Hughes v. Wal-Mart Stores, Inc,*. 250 F.3d 618, 620 (8th Cir. 2001) (noting that a "federal district court is faced almost daily with the task of applying some state's law other than that of the forum state").

### D. Factor Three - Plaintiff's Choice of Forum

It should be emphasized that Applied is required to make a "strong showing of inconvenience" to warrant a transfer to Utah, *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), because "there is normally a strong presumption in favor of honoring the plaintiff's choice of forum," *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995). Applied admits, and the Court concludes, that this factor firmly favors Plaintiff. *Memorandum in Support of Motion to Transfer*, p. 11 (Docket No. 6).

### E. Factor Four and Five - The Parties' Contacts With the Forum and the Contacts Relating to Plaintiff's Cause of Action in the Chosen Forum

Applied points out that as a Utah limited liability company, it has firm contacts with Utah and that its contacts with Idaho are not as significant. *Memorandum in Support of Motion to Transfer*, p. 11 (Docket No. 6). Applied argues that Plaintiff's contacts with Utah are more significant because it entered into a Lease with a Utah company and agreed that Utah law would govern the agreement. *Id.* By the same token, however, Applied voluntarily entered into a Lease with an Idaho company and solicited business from that Idaho company. *See Craig Affidavit*, ¶ 4 (Docket No. 7); *Chapman Affidavit*, ¶ 3 (Docket No. 13). In addition, it is not uncommon to agree to a lease governed by the law of another state. Accordingly, the Court finds that these two factors do not weigh heavily in favor of either party.[2]

### F. Factors Six, Seven & Eight - the Costs of Litigation, Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses, & Ease of Access to Sources of Proof

Applied acknowledges that these three factors do not weigh in favor of either party. *Memorandum in Support of Motion to Transfer*, p. 12 (Docket No. 6). No matter where the action proceeds one of the parties will incur traveling costs. The costs should be minimal, however, because (as Applied notes) Pocatello and Salt Lake City are not that far away from each other and are within easy driving distance. *Id.* Plaintiff's assertion that "the cost of hiring

---

[2] Applied has also argued that the parties' forum selection clause operates as a waiver of any claim under Idaho's Consumer Protection Act. *Reply*, p. 2 (Docket No. 16). However, simply because the parties agreed that the Lease is to be governed by and construed in accord with Utah law does not mean that a cause of action cannot be brought under Idaho's Consumer Protection Act. Because Applied has provided no legal authority to support its waiver argument and at least one of Plaintiff's causes of action is based on Idaho law while others are based on Utah law, the Court finds the fifth factor is neutral.

an attorney is certainly lower in Idaho than in Utah" has not been made in affidavit form and is not supported by any other evidence comparing the cost of an attorney in Idaho versus one in Utah.[3]  *See Brief in Opposition*, p. 8 (Docket No. 12).  Accordingly, the Court will not consider this assertion in ruling on Applied's Motion.  Because neither party has persuasively argued that any of these three factors weigh in its favor, the Court agrees with Applied that these factors are neutral.[4]

### G.     Public Policy Considerations

The relevant public policy of the forum state, if any, is also a significant factor in the § 1404(a) balancing test.  *Jones*, 211 F.3d at 499.  Idaho has expressed its policy on forum selection clauses, providing that "every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual proceedings in the ordinary tribunals . . . is void."  Idaho Code § 29-110.  Additionally, the Idaho Supreme Court has interpreted this statute as articulating a strong public policy against the enforcement of forum selection clauses.  *Fisk v. Royal Caribbean Cruises, Ltd.*, 141 Idaho 290, 293, 108 P.3d 990, 993 (2005).  Therefore, regardless of whether this statute applies in the instant action to preclude enforcement of the parties' forum selection clause, the statute and Idaho case law demonstrate

---

[3]  The Court notes, however, that both parties currently have counsel from Idaho law firms representing them in this action.

[4]  One item that might tip the balance slightly in favor of Plaintiff is that the equipment being leased is located and being used in Idaho.  *Craig Affidavit*, ¶ 21 (Docket No. 7).  Plaintiff argues that a valuation of the leased equipment will be an important issue in this action.  *Brief in Opposition*, p. 8 (Docket No. 12).  Because Plaintiff has argued that it should be allowed to purchase the equipment pursuant to the Lease terms, the equipment's value may become an issue.  However, regardless of where the case is heard, Applied will have to arrange to evaluate the equipment in Idaho.  Thus, the equipment's location is not a significant consideration.

that Idaho has a strong public policy against the enforcement of forum selection clauses. Considering Idaho's policy, the Court concludes that this factor weighs in favor of Plaintiff's chosen forum. *See, e.g., Jones*, 211 F.3d at 499 (noting that plaintiff chose California as the forum for his lawsuit, and his choice is supported by California's strong public policy to provide a protective local forum for local franchisees).

### H. The Impact of a Forum Selection Clause

The presence of a forum selection clause also is a "significant factor" in the Court's § 1404(a) analysis. *Jones*, 211 F.3d at 499. The existence of a forum selection clause, however, is not dispositive. *Id.* at 499 n.20. Here, the forum selection clause is permissive and not mandatory. *See Reddam v. KPMG, LLP*, 457 F.3d 1054, 1061 (9th Cir. 2006); *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir. 1995). In other words, although Plaintiff submitted to the jurisdiction of Utah courts, it did not agree that Utah would be the exclusive forum for disputes arising under the Lease. For this reason, the Court determines that the existence of a forum selection clause does not weigh heavily in Applied's favor.

### I. Conclusion

While this case could have been brought in Utah, the convenience of the parties can be served in either Idaho or Utah. For this reason and because Applied has failed to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum," *Decker Coal*, 805 F.2d at 843, a transfer to the District of Utah is not necessary. After balancing the factors

identified by the Court of Appeals for the Ninth Circuit in *Jones*, and in the exercise of discretion, the Motion for Transfer is denied.

### J. Scheduling Matters

Because Applied has withdrawn its Motion to Dismiss, it must respond to Plaintiff's Complaint by answer or otherwise. Accordingly, Applied shall respond to the Complaint within ten (10) days of the date of this Order.

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Applied's Withdrawal of Motion to Dismiss Under Rule 12(b)(3) (Docket No. 17) is GRANTED, therefore Docket No. 5 will be considered only as a Motion to Transfer Under 28 U.S.C. 1404(a).

2. Applied's Motion to Transfer Under 28 U.S.C. § 1404(a) (Docket No. 5) is DENIED.

3. Applied shall file a response to the Complaint within ten (10) days of the date of this Order.

DATED: **November 20, 2006**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER - 9